UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN HASTINGS | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-153-SDJ |
| | § | |
| DANIELLE GALLANT, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court is the Report and Recommendation of United States Magistrate Judge, (Dkt. #24), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule CV-72. The report concerns Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), and, alternatively, to transfer venue under 28 U.S.C. § 1404(a), (Dkt. #19). No party filed objections.

In the report, the Magistrate Judge first considered the motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and concluded that it should be denied. (Dkt. #24 at 5–9). Having found subject matter jurisdiction, the Magistrate Judge next considered the motion to transfer venue under Section 1404(a) and concluded that it should be granted. (Dkt. #24 at 9–18). The Magistrate Judge did not consider the substance of Defendants' motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). *See* (Dkt. #24 at 9). Instead, the Magistrate Judge recommended only that it be denied "to the extent" the Court grants the motion to transfer venue. (Dkt. #24 at 18).

1

The Court agrees with, and adopts in full, the report's findings and conclusions as to subject matter jurisdiction and transfer of venue under 28 U.S.C. § 1404(a). The Court writes further only to clarify that it may transfer a case under 28 U.S.C. § 1404(a) without first resolving a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. That is because "[a] district court may transfer a case under § 1404(a) even where it lacks personal jurisdiction over the defendant." *Zapata v. HSBC Holdings PLC*, No. 1:16-CV-30, 2017 WL 6939210, at *7 (S.D. Tex. Oct. 17, 2017) (citing *Koehring Co. v. Hyde Const. Co.*, 324 F.2d 295, 297–98 (5th Cir. 1963)). Thus, when presented with a hybrid motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and motion to transfer venue under Section 1404(a), a court may bypass the former and grant the latter. *See Lifestyle Sols., Inc. v. Abbyson Living LLC*, No. 2:16-CV-1290-JRG-RSP, 2017 WL 5257006, at *1 n.1 (E.D. Tex. Nov. 10, 2017) ("A court with subject matter jurisdiction has authority to transfer under 28 U.S.C. § 1404(a) or § 1406(a) without addressing the question of personal jurisdiction.").

It is therefore **ORDERED** that Defendants' motion to dismiss for lack of subject matter jurisdiction, (Dkt. #19), is **DENIED**.

It is further **ORDERED** that Defendants' motion to transfer venue, (Dkt. #19), is **GRANTED**.

It is further **ORDERED** that this case is **TRANSFERRED** to the United States District Court for the District of Nevada.

**So ORDERED and SIGNED this 30th day of March, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

3